# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. WATSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:06-cv-756-TIA |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Michael L. Watson, formerly a prisoner at the Jefferson County Jail and presently released, to commence this action without prepayment of the required filing fee [Doc. 3]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, petitioner will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### The petition

Petitioner alleges that he was incarcerated at the Jefferson County Jail, beginning March 28, 2006, and received no written cause for being held. Petitioner states that he believes that he was held on a "traffic registration violation." Petitioner alleges that, at his first setting before the court, the judge recused himself and that, subsequently, he was unable to obtain a new court date because his case had been transferred to a different division. Petitioner states that his driver's license was suspended, and he received six fraudulent tickets, two of which were dismissed. The only relief

apparently sought by petitioner, release, has already been accorded him.[1]

## Discussion

Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed. Title 28 U.S.C. § 2254 requires that petitioner exhaust his available state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1). There is no indication on the face of the application that petitioner has even presented - much less exhausted - his claim to the state courts. Petitioner does not contend that there is an absence of available state remedies. Nor does petitioner assert that circumstances exist that render such state remedies ineffective to protect his rights. Therefore, the instant petition should be dismissed, without prejudice, because petitioner has failed to exhaust his available state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 [Doc. 3] be **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the application for a writ of habeas corpus because petitioner has not exhausted his available state remedies.

An appropriate order shall accompany this memorandum and order.

Dated this 12th day of June, 2006.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that petitioner's petition is not necessarily moot because he may remain subject to parole restrictions. *Gentry v. Lansdown,* 175 F.3d 1082, 1083 (8th Cir. 1999) (citations omitted).